UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

George A. Walker,

Plaintiff,

v.

Northwest Airlines Corp.,
Northwest Airlines, Inc., and
Richard Vandermolen,

Defendants.

Civil File No. 00-2604(MJD/JGL)

MEMORANDUM OPINION AND ORDER

---

Steven F. Olson, Bluedog, Olson & Small, P.L.L.P., on behalf of George Walker.

Tracy J. Van Steenburgh and Sandra L. Conroy, Halleland Lewis Nilan Sipkins & Johnson, P.A., on behalf of Northwest Airlines Corp., Northwest Airlines, Inc.

---

## INTRODUCTION

This matter is before the Court on defendant Northwest Airlines, Inc. and Northwest Corporation's (hereinafter "Northwest") motion to vacate the clerk's entry of default pursuant to Fed. R. Civ. P. 55(c). Plaintiff George A. Walker filed this case, alleging that Northwest discriminated against him when he was scrutinized, disciplined and terminated on the basis of his race. Plaintiff also alleges that Northwest retaliated against him after his complaint of discriminatory treatment. Plaintiff also claimed that Northwest violated the Family and Medical Leave Act ("FMLA").

FILED MAR 2 1 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

On March 16, 2001, Northwest received from its registered agent for purposes of service of process in Minnesota, CT Corporation, a copy of Plaintiff's Complaint and a Request for Waiver of Service of Summons. These documents were sent to CT Corporation by certified mail. Wassberg Aff. Northwest did not execute the Waiver of Service of Summons. Id. Thereafter, Northwest asserts that it never received notification from CT Corporation that Plaintiff had personally served the Summons and Complaint. Van Steenburgh Aff. Northwest asserts that it periodically checked with the Clerk of Court to determine whether a Summons had actually been issued. Id. It wasn't until November 2001, that Northwest learned from the Clerk's Office that a Summons had been issued on April 10, 2001. Id. Northwest then reviewed its files and determined that it had never been personally served the Summons and Complaint. Id.

On January 2, 2002, Northwest again contacted the Clerk's Office and learned that the Clerk had entered a judgment of default against Northwest on November 29, 2001. Id. Northwest investigated the circumstances of the service, and learned that CT Corporation had been served with process on April 26, 2001, that the documents were forwarded to Northwest, and that a Northwest stock clerk had received the documents and forwarded them to the legal department, pursuant to corporate practice. Such documents were never logged in as "received" by Northwest's legal department, however. Wassberg Aff.

## DISCUSSION

### I. Standard Under Federal Rule 55(c)

Federal Rule of Civil Procedure 55(a) provides that the clerk of court shall enter a party's default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules..." The Court may set aside an entry of default for good cause shown. Fed. R. Civ. P. 55(c). The factors to be considered in determining whether to set aside the Clerk's entry of default include: (1) the culpability of defaulting party; (2) the existence of a meritorious defense, and (3) prejudice to the other party. Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998).

### II. Application Of The Good Cause Test

#### A. Culpability Of the Defaulting Party

Northwest argues that its failure to plead or respond to Plaintiff's Complaint was the result of a good faith failure of its internal mail system. Northwest asserts that the initial service on Northwest, by certified mail, was not effective; therefore, Northwest had no obligation to answer or respond to Plaintiff's ineffectively served complaint. Northwest also asserts that they had reason to believe that Plaintiff would fail to pursue his claims because Plaintiff waited until 90th day after receipt of his Right to Sue letter from the EEOC to file his compliant and another four months to serve Northwest.

Moreover, Northwest argues that Fed.R.Civ. P. 4 does not provide that failure to waive service constitutes "willful" conduct that should be punished as Plaintiff suggests. Rather, Rule 4(d)(2) indicates if a defendant fails to waive service, it may be liable for the costs subsequently incurred in effecting service.

The Court finds that Northwest's conduct was not "contumacious, it did not exhibit an intentional flouting or disregard of the court and its procedure. . ." Dayton Elec., 140 F.3d at 785. Accordingly, the first factor weighs in favor of vacating the default.

B. Existence Of Meritorious Defenses

The Court also finds that Northwest has demonstrated that it may have meritorious defenses. Northwest asserts that Plaintiff was terminated in December 1999 because of Plaintiff's alleged fraudulent use of Northwest flight passes and his failure to cooperate in an investigation of his alleged misconduct. Northwest further asserts that Plaintiff's harassment and retaliation claims are stale and subject to dismissal because such alleged conduct occurred more than 300 days prior to his having filed a charge with the EEOC. With respect to Plaintiff's FMLA claim, Northwest asserts that the FMLA does not immunize an employee for misconduct that occurs while he is on FMLA leave.

C. Prejudice To The Plaintiff.

Finally, Northwest argues that there has been no prejudice to Plaintiff. This factor weighs against vacating a default judgment, only if the delay prejudiced Plaintiff "in a concrete way, such as loss of evidence, increased difficulties in

discovery, or greater opportunities for fraud and collusion." Dayton Elec., 140 F.3d at 785 (quoting Berthelsen v. Kane, 907 F. 2d 617, 621 (6th Cir. 1990)).

Plaintiff asserts that the passage of time has already prejudiced his ability to prove his case. He states that he tried to locate certain important witnesses and learned that those witnesses are no longer at Northwest and process servers cannot find and serve Vandermolen- the key individual who allegedly retaliated against plaintiff.

Northwest responds that one of the possible witnesses identified by Plaintiff as lost, Patricia Chrzanowski, currently works at Northwest. Therefore, this witness is available to Plaintiff. The other witness, Brian Coates, never was employed by Northwest. Finally, Northwest concedes that Mr. Vandermolen no longer works at Northwest. But as he resigned in April 2001, the fact that this individual cannot be found cannot be attributed to Northwest's default.

The Court finds that Plaintiff has failed to show that evidence has been lost to him as a result of Northwest's default, or that he will suffer increased difficulties in discovery or be subject to fraud or collusion.

Accordingly, Northwest's motion to vacate the entry of default judgment against it shall be granted. However, Northwest should be held accountable for those costs incurred by Plaintiff in seeking default judgment and for responding to Northwest's motion to vacate the default judgment, as Northwest concedes the default occurred because of the failure of its internal mailing system.

IT IS HEREBY ORDERED that Northwest's Motion to Vacate the Default Judgment is GRANTED. Plaintiff shall submit to the Court within seven days from the date of receipt of this Order, an affidavit detailing the costs and expenses incurred in seeking default judgment and for responding to Northwest' motion to vacate said judgment.

Date: March 20, 2002

Michael J. Davis
United States District Court