**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**GEORGE A. WALKER,**

Plaintiff,

v.

**NORTHWEST AIRLINES CORPORATION; NORTHWEST AIRLINES, INC.; and RICHARD VANDERMOLEN,**

Defendants.

---

Civil No. 00-2604 (MJD/JGL)

**O R D E R**

APPEARANCES

Todd M. Roen, Esq., on behalf of Plaintiff

Tracy Joan Van Steenburgh, Esq., and Sandra L. Conroy, Esq., on behalf of Defendants

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on August 26, 2002 on Defendants' Motion to Compel, for an Order Directing Plaintiff to Attend a Scheduled Deposition, to Extend Time for Northwest Airlines to Identify Expert Witnesses, and for Attorneys' Fees and Costs (Doc. No. 31). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

FILED 8-27-02
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

## I. FACTS

This is an employment discrimination case. Plaintiff claims that he was terminated from his job because of race discrimination. Defendants claim that Plaintiff was fired for cause. The instant motion arises from discovery disputes. The Court will address each of Defendants' requests separately.

## II. DISCUSSION

Defendants seek an order requiring Plaintiff to respond to outstanding requests, barring Plaintiff from objecting to discovery requests, extending the expert witness deadline, requiring Plaintiff to appear for a deposition, and awarding Defendants costs and attorneys' fees associated with this motion.

### A. Outstanding Discovery Requests

On May 16, 2002 Defendants served written discovery requests on Plaintiff. Plaintiff's responses were due June 19, 2002. When Plaintiff's responses were not received by June 26, 2002, Defendants contacted Plaintiff. On June 28, 2002, Plaintiff informed Defendants that his discovery responses would be available within forty-five days. Defendants informed Plaintiff that an additional forty-five day extension was unacceptable, and that they would expect Plaintiff's responses by July 19, 2002. Plaintiff then responded that he would provide responses only as soon as he had first indicated. Plaintiff's

discovery responses finally arrived on August 15, 2002, one week after Defendants filed the instant motion.

Since Plaintiff has now responded to Defendants' discovery requests, this part of Plaintiff's motion is denied as moot. Although Defendants would have the Court order that Plaintiff's dilatory conduct has resulted in Plaintiff waiving all objections not based on privilege, the Court declines to do so. If, after fully examining Plaintiff's responses and properly meeting and conferring with Plaintiff, Defendants feel they are entitled to specific discovery, Defendants are free to file another motion to compel. While the Court cannot condone Plaintiff's conduct, the Court is not prepared to issue such a harsh ruling without giving both Parties the opportunity to fully brief and argue their side. Accordingly, Defendants' request that all Plaintiff's objections not based on privilege be stricken is denied.

**B. <u>Changing the Expert Witness Deadline</u>**

Defendants argue that Plaintiff's dilatory discovery conduct has prejudiced their opportunity to engage expert witnesses in a timely fashion. The Court agrees. As the Court stated at the motion hearing, the pretrial scheduling order will be amended to change the date for Defendants to identify their expert witnesses to November 1, 2002. Therefore, this part of Defendants' motion is granted.

**C. Scheduling Plaintiff's Deposition**

Defendants seek an order requiring Plaintiff to appear at a deposition. Defendants feel a court order is necessary because Plaintiff canceled his previously scheduled deposition on one week's notice. Plaintiff has also indicated that he will not be available for deposition during the entire month of August. Plaintiff is willing to be deposed, and has provided Defendants with a list of dates that he is available. As the Court stated at the motion hearing, this part of Defendants' motion is granted. Plaintiff must make himself available for deposition at a mutually agreeable time between September 1, 2002 and October 15, 2002.

**D. Sanctions**

Defendants argue that they are entitled to sanctions because Plaintiff's dilatory discovery conduct forced them to bring the instant motion. Defendants seek attorneys' fees in the amount of $1000.00.

Federal Rule of Civil Procedure 37(a)(4) permits a court to award attorney's fees and costs to a party who moves to compel discovery even if the requested discovery is provided after the motion was filed, unless the moving party did not attempt in good faith to obtain the discovery, the opposing party's nondisclosure was substantially justified, or an award would be unjust. In this case, Defendants attempted in good faith to obtain the requested discovery. Furthermore, Plaintiff's failure to participate in discovery was not justified.

Plaintiff's counsel gave no acceptable reason for his dilatoriness to the Court, and he also failed to respond to Defendants' inquiries other than to state that responses would be forthcoming on his schedule. While it is true that on June 28, 2002, Plaintiff's Counsel informed Defendants that he "had taken over responsibility for the case and [was] in the process of reviewing the file" (Pl. Mem. Supp. Mot. Ex. C.), that is not sufficient justification for refusing to provide even partial discovery responses in a timely fashion. Transferring files is a common occurrence in law firms, and discovery cannot come to a screeching halt every time a case is re-assigned. Moreover, this case transfer does not explain why Plaintiff did not provide timely responses in the first place. This intractableness resulted in discovery responses which were almost two months late. It was not until Defendants filed their motion to compel that Plaintiff provided the discovery and disclosures at issue.

Plaintiff makes much of Defendants' insistence that Plaintiff's responses be provided by July 19, 2002. Plaintiff argues that this "inflexible conduct" does not demonstrate the good faith effort required by the rules. (Pl. Mem. Opp. Mot. at 6.) The Court disagrees. By extending the response deadline to July 19, 2002, Defendants doubled the amount of time for Plaintiff to respond to the discovery requests. The Court finds this offer both generous and reasonable. In the absence of any good reasons from Plaintiff, the Court finds that this was enough. It was Plaintiff's insistence on providing answers

two months late that brought Defendants into Court, not Defendants' insistence that Plaintiff participate in discovery.

These circumstances warrant an award of attorneys' fees, and there are no circumstances making such an award unjust. Contrary to Plaintiff's inherent supposition, providing untimely discovery responses does not shield a party from Rule 37 sanctions. The Court finds an award of $750.00 appropriate. However, $600.00 of that award will be stayed pending Plaintiff's timely compliance with all future discovery deadlines, unless good cause excuses such compliance. Plaintiff and his attorney are directed to pay $150.00 to Defendants at this time. Defendants are to inform the Court if Plaintiff engages in further dilatory discovery practices during the pendency of this case. The Court will then schedule a conference to discuss lifting the stay.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

(1) Defendants' Motion to Compel, for an Order Directing Plaintiff to Attend a Scheduled Deposition, to Extend Time for Northwest Airlines to Identify Expert Witnesses, and for Attorneys' Fees and Costs (Doc. No. 31) is **GRANTED IN PART**, **DENIED IN PART**, and **DENIED AS MOOT IN PART** as set forth fully in the body of this Order;

(2) The date for Defendants to identify their expert witnesses is extended to November 1, 2002;

(3) Plaintiff must make himself available for deposition at a mutually agreeable time between September 1, 2002 and October 15, 2002;

(4) Plaintiff must pay Defendants sanctions in the amount of $150.00 by September 27, 2002; and

(5) If Plaintiff fails to comply with any future discovery deadlines without good cause, Plaintiff must pay Defendants $600.00 in sanctions, in addition to any other sanctions the Court deems appropriate at that time.

Dated: August 26, 2002

JONATHAN LEBEDOFF
Chief United States Magistrate Judge