**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**GEORGE A. WALKER,**

Plaintiff,

v.

**NORTHWEST AIRLINES CORPORATION; NORTHWEST AIRLINES, INC.; and RICHARD VANDERMOLEN,**

Defendants.

---

Civil No. 00-2604 (MJD/JGL)

**O R D E R**

APPEARANCES

Todd M. Roen, Esq., on behalf of Plaintiff

Sandra L. Conroy, Esq., on behalf of Defendants

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on December 6, 2002 on Defendants' Motion to Enforce Agreement (Doc. No. 52). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

FILED 12-11-02
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**DISCUSSION**

The facts of the instant case are well known to the Parties and will not again be recited here. The Parties are before the Court for clarification of the Court's October 28, 2002 Order. In that Order, the Court stated that based on discussion at an October 16, 2002 motion hearing ("the October hearing"), the Parties agreed that "Plaintiff would drop [Defendant] Vandermolen as a named party on condition that he be made available for deposition in Arizona." (Oct. 28, 2002 Order at 3.) At that time the Parties were before the Court on Defendant Northwest's Motion for Order to Show Cause Why Plaintiff Failed to Perfect Service Upon Defendant Vandermolen. (Id. at 2.) The Court instructed the Parties to file the appropriate papers so as to achieve Vandermolen's dismissal. (Id. at 3 n.1.)

At issue in the instant motion is whether Vandermolen's dismissal was intended to be with or without prejudice. Defendants argue that based on the context of the October hearing and the verbal agreement reached during the hearing, the dismissal should be with prejudice. Plaintiff argues that based on the same discussion the dismissal should be without prejudice.

The Court has reviewed the tape recording of the October hearing, and finds that the Parties agreed to a dismissal with prejudice. First, at the October hearing the Court specifically asked Plaintiff's Counsel, "Why don't you just stipulate to take [Vandermolen's] deposition in Arizona, and not add him as

a party?" Plaintiff's Counsel responded, "Your Honor, we certainly could do that." It is the Court's opinion that an agreement not to add someone as a party has the same effect as a dismissal with prejudice.

Second, the Court presented the proposed agreement to Plaintiff's Counsel in the following way: that Plaintiff would "withdraw an attempt to add [Vandermolen] as a party, and as a condition of that, he'll be available in Arizona for deposition. . . . Can we agree to that?" Plaintiff's Counsel answered, "Yes, Your Honor, we certainly can." It is of little consequence that Plaintiff's Counsel now represents that he did not intend to say he would not add Vandermolen as a party. (Representation of Pl. Counsel at Dec. 6, 2002 Hearing.) It is also of little consequence that at the October hearing, Plaintiff's Counsel stated that it was important for Vandermolen to be a party because Northwest was blocking contact with him. This representation was made before Plaintiff agreed to produce Vandermolen for deposition. Vandermolen's deposition allows Plaintiff the contact he seeks. Plaintiff's Counsel clearly agreed not to add Vandermolen as a party. Moreover, if Plaintiff was not agreeing to permanently strike Vandermolen as a party, what incentive was there for Northwest to agree to Vandermolen's deposition?[1] This is especially

---

[1]The Court is mindful that Plaintiff now argues that he does not need Northwest's permission to depose Vandermolen. However, Plaintiff did not raise this argument at the October hearing. At that time, it seemed that the Parties were agreeing to "an even trade."

true since the Court asked Defendant's Counsel the following question: "If we don't allow [Plaintiff] to add [Vandermolen] as a party – as a condition of that are you willing to allow them to depose him in Arizona?" Defendant's Counsel answered in the affirmative. Once again, it seems obvious that there should be no opportunity for Vandermolen to become a party to this litigation.

Third, at the October hearing Plaintiff's Counsel stated that Vandermolen was only being sued as an agent of Northwest Airlines, and more than once stated that the decision to name Vandermolen as a party was purely a stylistic choice, made for the sake of comprehensiveness. One of these representations was made in response to the Court's query that if Vandermolen is only being sued as an agent, why does he even need to be a party to the case? Plaintiff's Counsel again represented that the choice to name Vandermolen was purely stylistic. This statement led the Court to believe that Plaintiff did not consider Vandermolen an important party to this action, especially since Plaintiff's overall motivation was a desire to contact Vandermolen rather than personally sue him for damages.

Fourth, while Plaintiff is correct in stating that under Federal Rule of Civil Procedure 41(a), dismissals by stipulation are presumptively without prejudice, the Rule does allow parties to agree that a dismissal is with prejudice. See Fed. R. Civ. P. 41(a). The stipulation drafted by Defendant fulfills this requirement.

Fifth, based on the in-court discussion, the Court understood that Vandermolen's dismissal would be with prejudice. Therefore, Defendants' motion is granted. Defendant Vandermolen must be dismissed with prejudice.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

(1) Defendants' Motion to Enforce Agreement (Doc. No. 52) is **GRANTED**; and

(2) The Parties must sign and execute Defendants' Stipulation for Dismissal, and submit the Stipulation along with Defendants' Order of Dismissal with Prejudice to The Honorable Michael J. Davis for his signature no later than December 16, 2002.

Dated: December 9, 2002

JONATHAN LEBEDOFF
Chief United States Magistrate Judge