**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**GEORGE A. WALKER,**

Plaintiff,

v.

**NORTHWEST AIRLINES CORPORATION; NORTHWEST AIRLINES, INC.; and RICHARD VANDERMOLEN,**

Defendants.

Civil No. 00-2604 (MJD/JGL)

**O R D E R**

---

APPEARANCES

Todd M. Roen, Esq., on behalf of Plaintiff

Tracy Joan Van Steenburgh, Esq., and Sandra L. Conroy, Esq., on behalf of the Northwest Airlines Defendants

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on February 28, 2003 on Plaintiff's Motion to Compel and Extend Pretrial Discovery Schedule (Doc. No. 63), and Defendants' Motion for Protective Order (Doc. No. 72.) The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

FILED MAR 5 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**DISCUSSION**

The facts of this case are well known to the Parties and will not again be recited here. In the instant motions, the Parties seek assistance resolving various discovery disputes.

**A. Plaintiff's Motion to Compel and to Extend Pretrial Discovery Schedule**

The Federal Rules of Civil Procedure provide for liberal discovery. See Fed. R. Civ. P. 26(b)(1); Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Hickman v. Taylor, 329 U. S. 495, 501 (1947). "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Limited only by the broad scope of Rule 26(b), a party has the right to request any information within the "possession, custody, or control" of the party being served. Fed. R. Civ. P. 34(a). However, discovery must be conducted within the parameters of the Pretrial Scheduling Order. See case re: ignored. The discovery deadline in this case was March 1, 2003.

Plaintiff seeks additional responses to several disputed discovery requests. In addition, Plaintiff argues that Defendant's dilatory discovery conduct has caused him harmful delay in preparing his case, which necessitates an extension of the Pretrial Scheduling Order.[1]

---

[1]Although there are two Northwest Defendants in this case, the Parties refer to the Defendants as one defendant. For consistency, the Court will

Defendant responds that Plaintiff's problems are the result of Plaintiff's own failure to prosecute this case. Defendant cites the fact that Plaintiff did not serve any discovery requests until five months after the pretrial scheduling conference in this case, and that Plaintiff did not review documents until months after they were produced for his inspection.

Plaintiff takes issue with seventeen discovery responses. At this juncture, the Court notes its dismay that many of these disputes were addressed at the Parties' meet and confer conference, and that Plaintiff is now apparently asking for more than he agreed to at that time. Defendant summarized the results of the meet and confer in a letter sent to Plaintiff on January 7, 2003. If Plaintiff took issue with Defendant's version of the meeting, Plaintiff should have said so at the time. Even at this late date, Plaintiff only argues that Defendant's letter misstates his understanding of the meet and confer as it relates to three discovery requests. (Roen Supplemental Aff. ¶5.) Defendant was justified in believing that production would go forward as outlined in its January 7, 2003 letter.

**1. <u>Interrogatory Nos. 7 and 8</u>**

These interrogatories address the bases for Defendant's defense that it is not a proper defendant in this action because it is not an "employer" under the statutes upon which Plaintiff bases his claims.

---

address the Northwest Defendants in the singular in this Order.

The Court finds that Defendant has fully answered these interrogatories, and need not further supplement its answers. (Pl. Supp. Mem. Supp. Mot. Compel at 8-9; Van Steenburgh Aff. Ex. A.) This part of Plaintiff's motion is denied.

**2. <u>Interrogatory No. 11</u>**

Interrogatory No. 11 asks Defendant to provide information related to its defense that Plaintiff failed to mitigate his damages in this case. The Parties agreed that Defendant would be allowed to supplement its answer to this interrogatory as discovery unfolded. (Roen Aff. Ex. D at 2) (letter summarizing the Parties' meet and confer conference.) In light of this agreement, the Court finds this part of Plaintiff's motion harassing. Plaintiff proffers no evidence that Defendant is unwilling to supplement its answer as information becomes available. This part of Plaintiff's motion is denied.

**3. <u>Interrogatory No. 19</u>**

Interrogatory No. 19 seeks the bases upon which Defendants relied when they stated that the discipline Plaintiff received after filing an EEOC complaint was not retaliatory. Defendant originally promised to provide the information, and agreed at a later date to provide a summary of the results of its investigation into Plaintiff's internal complaint. (Def. Mem. Opp. Mot. Compel at 6.) Plaintiff bases his motion on Defendant's initial response, but ignores Defendant's offer to provide the summary. The Court finds that the

promised summary is responsive to this request. Therefore, this part of Plaintiff's motion is granted as to production of the promised summary within thirty days of this Order, and denied in all other respects.

4. **Interrogatory No. 20**

Interrogatory No. 20 seeks information related to the bases for Defendant's decision to terminate Plaintiff. Defendant has provided the termination letter, the rules of conduct cited in the letter, Plaintiff's expired travel pass, Defendant's travel pass policy, and other documentation. (Def. Mem. Opp. Mot. Compel at 6; Roen Aff. Ex. D at 2.) According to Defendant, at the Parties' meet and confer conference Plaintiff indicated that he would be satisfied with this supplementation. Plaintiff takes issue with this representation. (Roen Supplemental Aff. ¶ 5.) However, the Court finds that Defendant's answer sufficiently answers this interrogatory. Accordingly, this part of Plaintiff's motion is denied.

5. **Interrogatory Nos. 2-4, 16, 17, and 19**

Defendant originally answered these interrogatories by stating that it would produce business records in accordance with Fed. R. Civ. P. 33(d). Plaintiff took exception to this production, and the Parties discussed these interrogatories at their meet and confer conference. (Def. Mem. Opp. Mot. Compel at 6.) At the meet and confer, the Parties agreed that Defendant would identify each document by category, and that Defendant would produce a

privilege log identifying documents it was withholding on this basis. (Roen Aff. Ex. D at 1.) The Court finds that Defendant's proposed production satisfies the requirements of Fed. R. Civ. P. 33(d). The Court is unclear whether the promised production has actually occurred. If not, Defendant must provide full answers within thirty days of this Order. This part of Plaintiff's motion is denied to the extent it requests information not delineated in Defendant's January 7, 2003 summary letter.

**6. Document Request No. 1**

Plaintiff seeks his entire personnel file. Plaintiff argues that Defendant's production is incomplete because the file does not contain performance evaluations, and wage and benefit records. (Pl. Supplemental Mem. Supp. Mot. Compel at 16). At the motion hearing, Defendant represented that Plaintiff did not receive performance evaluations during his employment, and that all promotion and wage and benefit information is governed by Northwest's collective bargaining agreement ("CBA") with Plaintiff's union. Defendant stated that the way employees "move up the ladder" is outlined in the CBA. Defendant has produced a copy of the CBA. Absent evidence to the contrary, the Court must accept Defendant's representation that it is complying with its discovery obligations, and that it has produced all responsive information within its possession. See Prokosch v. Catalina Lighting Inc., 193 F.R.D. 633,637 (D. Minn. 2000); Onwuka v. Fed. Express Corp.,178 F.R.D. 508,

514 n.2 (D. Minn. 1997) (citations omitted). This part of Plaintiff's motion is denied.

**7. Document Request No. 2**

Plaintiff seeks information relating to Defendant's travel pass policies. Specifically, Plaintiff seeks "all documents . . . concerning . . . policies, procedures, guidelines and practices pertaining to employee travel-pass privileges or travel-pass misuse . . . concerning Plaintiff and any other employees . . . alleged to have violated your policies." (Pl. Supplemental Mem. Supp. Mot. Compel at 16.) Plaintiff states that he needs this information to demonstrate that he "was treated differently than other employees because of his race." (Id.) Defendant responded by producing four years worth of documents related to its San Francisco location, the location from which Plaintiff was terminated.

In order to make a prima facie showing of disparate treatment and impact, Plaintiff must provide "'specific, tangible evidence' showing a disparity in the treatment of similarly situated employees." Stanback v. Best Diversified Prod., Inc., 180 F.3d 903, 910 (8th Cir. 1999)(citation omitted). This requires a showing that Plaintiff is similarly situated "in all relevant respects," to other employees who did not receive disparate treatment, including the involvement of the same decision-makers. Harvey v. Anheuser-Busch, Inc., 38 F.3d 968, 972 (8th Cir. 1994) (citations omitted); Onwuka 178 F.R.D. at 516-17. The Eighth

Circuit does not find this requirement satisfied when a Plaintiff and other employees have different supervisors. See Britton v. City of Poplar Bluff, Mo., 244 F.3d 994, 998 (8th Cir. 2001) (citation omitted); Stanback, 180 F.3d at 910 (citation omitted). Therefore, information related to other locations is not relevant and discoverable. Plaintiff argues that he needs information from the various locations at which he worked. However, Plaintiff was terminated from the San Francisco location. Accordingly, information related to San Francisco is all that is relevant. This part of Plaintiff's motion is denied.

**8. Document Request No. 3**

This request seeks information related to Defendant's investigation of Plaintiff's complaints against a former coworker and former manager. Defendant has produced much information, but has withheld some information on the basis of attorney-client privilege, and work product protection. Defendant has provided Plaintiff with a privilege log identifying the documents it is withholding. (Roen Supplemental Aff. Ex. D.) Plaintiff takes issue with this log.

Plaintiff did not proffer objections to Defendant's privilege designations until February 13, 2003 when he filed his supplemental memorandum of law in support of the instant motion. In fact, in his original memorandum, Plaintiff did not challenge Defendant's privilege objections at all.

Rather, Plaintiff only stated that he asked Defendant to provide a privilege log. (Roen Aff. Ex. C at 7.)

The Court finds Plaintiff's failure to challenge these privilege designations at an earlier date improper. It is disturbing that Plaintiff never articulated its privilege concerns prior to bringing the instant motion. (Roen Aff. Ex. D at 3; Roen Supplemental Aff. ¶ 5; Van Steenburgh Aff. ¶7.) Plaintiff had the log four days before filing this motion, and did not even raise the issue until two days after filing the motion. This constitutes a failure to fulfill Plaintiff's obligations under D. Minn. LR 37.1 which requires parties to meet and confer before bringing discovery disputes before the Court. The Court will not reward such failure. Accordingly, the Court will not address Plaintiff's privilege concerns. Indeed, the rules prevent the Court from doing so. See id. ("[N]o motion for modification of discovery . . . will be entertained unless it is accompanied by a certification that the movant has in good faith conferred or attempted to confer with the other affected parties in an effort to resolve this matter without Court action.") This part of Plaintiff's motion is denied.

**9. Document Request No. 10**

Document request 10 seeks information related to Defendant's policies regarding grooming of airplanes, and related to employees who have been disciplined or dismissed because of failure to follow those policies.

Once Plaintiff signed a protective order, Defendant produced information related to grooming and discipline. (Def. Mem. Opp. Mot. Compel at 9.) However, Defendant argues that information relating to other employees disciplined for failing to follow these policies is irrelevant.

The Court has reviewed the complaint and answer in this case, and there is nothing that indicates that information related to all employees is relevant. Plaintiff does not even attempt to explain how the requested information is relevant. (Pl. Supplemental Mem. Supp. Mot. Compel at 18.) At most, information related to other employees "with responsibility for the aircraft not being 'groomed'" is relevant. (Complaint ¶ 15.) Therefore, this part of Plaintiff's motion is granted only as to information regarding employees who were also responsible for the aircraft which was not properly groomed, and for which Plaintiff was disciplined on April 14, 1999. This part of Plaintiff's motion is denied in all other respects. Defendant must provide this information within thirty days of this Order.

**10. Document Request No. 12**

Document Request No. 12 seeks information related to disciplinary action taken against equipment service employees ("ESEs") since 1999. Defendant states that in 1999, Plaintiff was a lead ESE in Phoenix and worked the third shift (a shift with responsibilities different than those of other shifts). Therefore, Defendant argues that the relevant comparison group is "Lead ESEs,

on third shift, at Phoenix." The Court agrees. As discussed above, in the Title VII context, discovery is limited to those who are similarly situation in job, location, and time. See Onwuka, 178 F.R.D. at 516-17. Therefore, Plaintiff's motion is granted as to information related to "Lead ESEs, on third shift, at Phoenix," and denied in all other respects.

**11. Document Request No. 16**

Document Request No. 16 seeks information related to Patricia Chrzanowski, an apparent current or former Northwest employee. Plaintiff states that this information is "relevant and discoverable." (Pl. Supplemental Mem. Supp. Mot. Compel at 19.) However, Plaintiff does not even tell the Court who Patricia Chrzanowski is, or why information related to her is important. Defendant's response is a bit more revealing. Apparently, Plaintiff believes that Ms. Chrzanowski harassed him, and Plaintiff is seeking her personnel file. (Pl. Mem. Opp. Def. Mot. Compel at 11; Roen Aff. Ex. D. at 4.)

The dissemination of the personal information of non-parties is a "highly . . . intrusive act" which the Court should not order lightly. See Raddatz v. Std. Cash Register Co., 177 F.R.D. 446, 448 (D. Minn. 1997). Before a court compels such production, the party seeking discovery of personnel information of non-party employees must demonstrate that the information is relevant and could not be obtained by "less obtrusive means of discovery." Id. (citations

omitted). In this case, Plaintiff has failed to even argue why the information is relevant. Thus, this part of Plaintiff's motion is denied.

**12. Costs and Fees**

Both Parties request their costs and fees associated with the instant motion. The requests are denied.

**13. Extending Pretrial Scheduling Order**

Plaintiff's request to extend the pretrial schedule three months is denied.

**B. Defendant's Motion For Protective Order**

Defendant seeks a protective order barring the 30(b)(6) depositions noticed by Plaintiff on February 18, 2003, and received by Defendant on February 20, 2003. In the alternative, Plaintiff seeks an award of fees associated with bringing this motion.

The discovery deadline in this case was March 1, 2003. Plaintiff first noticed this 30(b)(6) deposition on February 13, 2003. However, that notice failed to identify any topics. An amended notice was sent by U.S. mail on February 18, 2003, and received by Defendant on February 20, 2003. On February 13 and 18, Plaintiff also noticed six other depositions, all of which were scheduled for the same week as the 30(b)(6) depositions. The Parties have conducted the majority of these depositions, and have agreed to dates for the remaining depositions. However, Defendant argues that Plaintiff's 30(b)(6)

notice, served two business days before the scheduled depositions, failed to provide it with proper notice of the deposition. Defendant also argues that the noticed topics are vague.

Rule 26(c) governs protective orders and provides: "Upon motion by a party or by a person from whom discovery is sought, . . . for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). A protective order is appropriate to limit the scope of discovery or disclosures and the court may order that discovery not be had on certain issues. See Fed. R. Civ. P. 26(c)(4). A court has broad discretion in determining whether a protective order is warranted and the appropriate degree of protection. See May Coating Techs., Inc. v. Illinois Tool Works, 157.F.R.D. 55, 57 (D. Minn. 1994) (citations omitted).

The party seeking a protective order bears the burden of showing good cause for the order, in accordance with Rule 26(c) of the Federal Rules of Civil Procedure. See General Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1212 (8th Cir. 1973)); Rolscreen v. Pella Prods. of St. Louis, Inc., 145 F.R.D. 92, 96 (S.D. Iowa 1992) (citing Iowa Beef Processors, Inc. v. Bagley, 601 F.2d 949, 954 n.5 (8th Cir. 1979)). Plaintiff must make a "specific demonstration of facts in support of the request as opposed to conclusory or speculative statements

about the need for a protective order and the harm which will be suffered without one." Id. at 96 (citations omitted).

Plaintiff claims that his notice was reasonable under the circumstances, stating that Defendant's dilatory discovery conduct made it impossible to notice the deposition sooner. The Court disagrees. The Court does not find that Defendant engaged in a pattern of dilatory discovery conduct. Rather, during that time, the Parties were working together to address Defendant's original objections. Plaintiff's explanation also fails when one considers that Plaintiff did not even bother to include a list of topics with his first notice. A party seriously contemplating successful depositions would provide a proper topics list. The Court finds it unbelievable that Plaintiff would not have an idea of what topics it wished to notice long before February 18, 2003. This case is three years old. Surely, Plaintiff has developed a theory of the case it wishes to pursue during depositions.

Two days notice, without a showing of special need, is insufficient notice for a 30(b)(6) deposition. See 8A Charles Alan Wright et al., Federal Practice and Procedure § 2111 (2d ed. 1994) (citing Lloyd v. Cessna Aircraft Co., 430 F. Supp. 25 (E.D. Tenn. 1976)); see also Ranger Transp., Inc. v. Wal-Mart Stores, 903 F.2d 1185, 1188 n.6 (8th Cir. 1990) (stating that it is questionable whether two days constitutes proper deposition notice). Plaintiff has failed to demonstrate that any special need exists in this case.

Notwithstanding the above, the Court finds that the case will suffer if Plaintiff is not allowed to conduct his 30(b)(6) depositions. Obviously, before that can happen Defendant must be allowed proper time to prepare. The Court has reviewed Plaintiff's amended notice of deposition, and finds that the noticed topics are not so broad as to prevent proper witness preparation. Granted, proper preparation on all these topics would be very difficult in two days. When read in light of at least two weeks prep time, the topics seem more reasonable. Therefore, Plaintiff's 30(b)(6) depositions must be taken at mutually agreeable times and places after March 19, 2003.

The Court is disheartened by Plaintiff's apparent unwillingness to reschedule the 30(b)(6) depositions, especially in light of the fact that Plaintiff noticed six other depositions for the same week as the 30(b)(6) depositions. Obviously, Defendant's counsel was busy preparing for and attending those depositions. Accordingly, Plaintiff must pay Defendant $400 in attorneys' fees for Defendant having to bring the instant motion. This payment must be made within thirty days of this Order.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

(1) Plaintiff's Motion to Compel and Extend Pretrial Discovery Schedule (Doc. No. 63) is **GRANTED IN PART**, and **DENIED IN PART** as set forth fully in the body of this Order;

(2) Defendant's Motion for Protective Order (Doc. No. 72) is **GRANTED IN PART** and **DENIED IN PART** as set forth fully in the body of this Order;

(3) Defendant must comply with the Order and provide complete discovery responses by April 7, 2003;

(4) Defendant's 30(b)(6) depositions must be taken at mutually agreeable times and places after March 19, 2003; and

(5) Plaintiff must pay Defendant $400 in attorneys' fees by April 7, 2003.

Dated: March 5, 2003

JONATHAN LEBEDOFF
Chief United States Magistrate Judge