**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DIVISION**

George A. Walker,

Plaintiff,

v.

Northwest Airlines, Corp., Northwest Airlines, Inc. and Richard Vandermolen

Defendants.

Civil File No. 00-2604 (MJD/JGL)

**STIPULATED CONFIDENTIALITY AGREEMENT**

**WHEREAS**, the parties have made discovery requests and may in the future serve additional discovery requests;

**WHEREAS**, certain materials may be requested by the parties in the course of discovery that constitute or contain personal, private, confidential or proprietary information, ("Confidential Information") as more fully defined below in Paragraph 1;

**WHEREAS**, counsel for the parties are willing to enter into a Stipulated Confidentiality Agreement as a condition to the disclosure and use of any such Confidential Information and/or inspection and copying of any such Confidential Information;

**WHEREAS**, counsel for the parties agree that an Agreement containing the terms set forth herein may be submitted to the Court in order to set forth guidelines for the use of Confidential Information, while allowing the opportunity for reasonable discovery; and

**WHEREAS**, counsel for the parties agree that they will abide by the terms of this Stipulated Confidentiality Agreement during the period prior to the execution of this Stipulated Confidentiality Agreement, whenever that may be.

FILED MAR 0 6 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

DN: 161813

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:**

1. Definition of Confidential Information. The following shall constitute Confidential Information:

(a) Personnel information including, but not limited to, sensitive personnel information regarding employees of defendant other than plaintiff and personnel information regarding former employees and job applicants other than plaintiff, including, but not limited to, performance ratings, employee compensation information, supervisory notes, discipline reports, and information relating to employment policies;

(b) Non-public financial information and other information of defendant that contains trade secrets, future business plans, market analysis, confidential research, development, commercial or other proprietary information;

(c) Any other information, documents, or things subject to protection under the law, including, but not limited to, to Fed. R. Civ. P. 26;

(d) Any testimony regarding Confidential Information as defined in Paragraphs 1(a)-(c) above;

(e) Extracts and summaries prepared from such materials set forth in (a)-(d); and

(f) Those portions of briefs, affidavits, memoranda, depositions, or other writings, including exhibits thereto, which contain or refer to the Confidential Information.

2. Designation of Confidential Information.

(a) The parties shall indicate the confidential nature of documents and other information to be produced and/or the confidential nature of testimony by affixing the word "CONFIDENTIAL" thereon or by identifying or by designating such documents, other information, and/or testimony as Confidential Information in writing or on the record in a deposition or other transcribed proceeding;

(b) The designation of Confidential Information shall appear on all documents or information containing such material, including portions of depositions, briefs, or correspondence. Confidential designations to deposition transcripts shall be made on the record during such deposition or within thirty (30) days after the party desiring such designation receives the transcript of such deposition; and

(c) If material is too voluminous or it is impracticable to designate the material as Confidential Information, that material shall be so designated in the transmittal letter.

3. Confidential Information shall be used solely for the preparation, trial and/or settlement of the action, and shall not be communicated or used for any other purpose whatsoever except as compelled by court order or disclosed pursuant to Rule 1.6(b)(5) of the Minnesota Rules of Professional Conduct.

4. Confidential Information shall not be given, shown, made available, communicated, or disclosed to anyone other than:

(a) The attorneys of record in this action and their associated attorneys, legal assistants, and staff members working on the action;

(b) The parties themselves and any employees, advisors, or agents of the parties who assist the attorneys of record in this action; provided, however, that before any such person reviews or receives any Confidential Information, s/he must read a copy of this Stipulation and Protective Order and agree in writing to abide by the same by signing a document in the form of Exhibit A hereto unless that person is otherwise authorized to review the Confidential Information at issue in the normal course of their job duties;

(c) Independent consultants and/or experts retained by the parties to work on the action; provided, however, that before any such consultant or expert is shown or receives any Confidential Information, s/he must read a copy of this Stipulation and Protective Order and agree in writing to abide by the same by signing a document in the form of Exhibit A hereto;

(d) Witnesses interviewed by a party's representatives or attorney, or persons deposed in this lawsuit; provided, however, that before any information, document or thing designated as Confidential Information is shown to a witness, s/he must read a copy of this Stipulation and Protective Order and agree in writing to abide by the same by signing a document in the form of Exhibit A hereto unless that person is otherwise authorized to review the Confidential Information at issue in the normal course of their job duties;

(e) Stenographic reporters engaged for depositions or other proceedings necessary to the conduct of the action;

(f) Such persons as the undersigned counsel shall mutually consent to in writing or on the record prior to the proposed disclosure; and

(g) The Court and Court personnel.

5. If a dispute arises as to the designation of materials as Confidential Information, the parties agree to attempt to resolve the issue in good faith. If the matter is not resolved by the parties themselves, the party challenging the confidential status of information claimed to be restricted by this Stipulated Confidentiality Agreement shall bring the dispute before the Court for a determination and the party challenging the designation bears the burden of proving that a document should not be designated as Confidential Information.

6. Except as expressly provided herein, nothing in this Stipulated Confidentiality Agreement is intended to limit or have the effect of limiting either party's right to make use of such information for any purposes or uses permitted under the Federal Rules of Civil Procedure, or the Federal Rules of Evidence, at any time during the pretrial preparation or trial of this case or any time up to and including the entry of judgment. Accordingly, subject to the Federal Rules of Evidence, materials protected by this Stipulated Confidentiality Agreement may be offered in evidence at trial subject to such protective measures as may be directed by the Court.

7. If, at the time of trial counsel for a party intends to introduce any materials made subject to this Stipulated Confidentiality Agreement produced by any opposing party and designated by the opposing party as "CONFIDENTIAL," he or she shall so inform the Court and opposing counsel.

8. In cases of surprise or for good cause shown, if, at the time of trial, counsel for a party intends to introduce any Confidential Information not covered by paragraph 7 above, s/he shall so inform the Court and opposing counsel and provide reasonable notice before such Confidential Information may be submitted to the Court or provided to opposing counsel.

9. Neither the provisions of this Stipulated Confidentiality Agreement, nor any designation or failure to designate any particular information, document or material by a party

as Confidential Information shall, in this litigation, or any other litigation, constitute a waiver of the rights of a party to assert confidentiality with respect to any document, material, or information meeting or not meeting the definition of Confidential Information in Paragraph 1 above. Upon discovery of an inadvertent non-designation the discovering party will immediately notify the opposing party and the information, document or material identified will be treated as if it had been originally designated as Confidential Information and will be subject to the terms of this Stipulated Confidentiality Agreement. If a party produces multiple identical copies of a document (but with different bates numbers) and one has not been designated as confidential, all identical copies shall be treated according to the most restrictive designation.

10. The inadvertent production of any attorney-client privileged and/or work product protected document shall not constitute a general waiver of the privilege or protection. If the party who inadvertently produced such documents demands return of the document on the grounds that it is attorney client privileged and/or work product protected and has been produced inadvertently, and the party to whom the document has been produced refuses to return it, the party who produced the document will promptly seek to compel the return of the document; and the party to whom the document was produced may retain the document pending resolution of the action to compel but, unless and until the party's requested relief is denied, may not use or disclose that document in any way, except as it relates to the motion to compel.

11. In the event it is necessary for the parties to file Confidential Information or to offer testimony regarding Confidential Information, with the Court in connection with any pretrial proceeding or motion or as evidence at trial, the information shall be submitted under seal. With regard to a document, the Confidential Information shall be filed in a sealed envelope with the following statement typed conspicuously thereon:

CONFIDENTIAL
This document is filed under seal. Unless otherwise ordered by the Court, it shall not be reproduced for, or shown to, persons other than those entitled to have access to such documents under the Protective Order entered on ____________, 2002 in Walker v. Northwest Airlines, Corp., Northwest Airlines, Inc., and Richard Vandermolen, Civil Action No. 00-2604 (MJD/JGL).

12. The termination of this action shall not relieve the persons obligated herein from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Stipulated Confidentiality Agreement, and the Court shall retain continuing jurisdiction to enforce the terms of this Order.

13. Within ninety (90) days of the termination of this litigation, including any appeals, counsel for any party that received Confidential Information from an opposing party shall be required immediately to return to counsel for the disclosing party all Confidential Information disclosed subject to this Stipulated Confidentiality Agreement, and all extracts, abstracts, charts, summaries, recordings, transcriptions, notes or copies made therefrom.

14. Nothing in this Stipulated Confidentiality Agreement shall preclude any party from filing a motion seeking further or different protection from the Court under Fed. R. Civ. P. 26(c), or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

**SO STIPULATED:**

Dated: Feb-13, 2003

BLUEDOG, OLSON & SMALL, P.L.L.P.

Todd M Roen

Todd M. Roen, Reg. No. 0270271
Southgate Office Plaza, Suite 500
5001 West 80th Street
Bloomington, MN 55437
952.893.1813

**ATTORNEY FOR PLAINTIFF**

Dated: Feb 20, 2003

HALLELAND LEWIS NILAN
SIPKINS & JOHNSON, P.A.

Tracy J. Van Steenburgh

Tracy J. Van Steenburgh, Reg. No. 141173
Sandra L. Conroy, Reg. No. 267132
600 Pillsbury Center South
220 South Sixth Street
Minneapolis, Minnesota 55402
(612) 338-1838

**ATTORNEYS FOR DEFENDANT**

**SO ORDERED:**

Dated: March 5, 2003

Chief U.S. Magistrate Judge Jonathan Lebedoff

EXHIBIT A

AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned hereby acknowledges that he or she has received a copy of the Stipulated Protective Agreement entered in *George A. Walker v. Northwest Airlines, Corp , Northwest Airlines, Inc., and Richard Vandermolen,* has read such Stipulated Confidentiality Agreement, and agrees to be bound by all of the terms thereof.

Dated: ____________________ ______________________________

Subscribed and sworn before me
this _______ day of _________, 2003.

______________________________
Notary Public

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
OFFICE OF THE CLERK
300 S. FOURTH ST., SUITE 202
MINNEAPOLIS, MN 55415

# Clerk's Notice In Re: Protective Order

A Protective/ConfidentialityOrder has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## *Guidelines for filing with a U.S. District Judge or Magistrate Judge:*

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.