**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| George A. Walker,<br><br>Plaintiff,<br><br>v.<br><br>Northwest Airlines, Inc.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil File No. 00-2604 (MJD/JGL)<br><br>**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION** |

## INTRODUCTION

Defendant Northwest Airlines, Inc. ("Northwest") seeks reconsideration of the District Court's order denying Northwest's Motion for Summary Judgment on Count III of Plaintiff's Complaint, in which Plaintiff alleges racial harassment under 42 U.S.C. § 1981. Given the Eighth Circuit's recent opinion in *Jackson v. Flint Ink North American Corp.*, ___ F.3d ___ 2004 WL 1237648, No. 03-2189 (8th Cir. June 7, 2004), Plaintiff's § 1981 racial harassment claim must be dismissed. Plaintiff claims racial harassment based upon three isolated remarks or gestures, two of which cannot even arguably be construed as racial. Under *Jackson*, the isolated remarks, as well as the fact that two of the three comments were not directed at Plaintiff, are insufficient to establish the "steady barrage of opprobrious racial comment" necessary to establish a claim of a racially hostile work environment. *Jackson*, 2004 WL 1237648 * 4 (citation and quotation omitted).

## BACKGROUND

Plaintiff commenced this action on November 29, 2000. After extensive discovery, Northwest served its Motion for Summary Judgment on July 14, 2003. Judge Michael Davis

referred Northwest's motion to Chief Magistrate Judge Jonathan Lebedoff, who heard oral argument on October 9, 2003. Chief Magistrate Judge Lebedoff thereafter issued a Report and Recommendation, recommending that the District Court grant Northwest's Motion for Summary Judgment and dismissing Plaintiff's Complaint in its entirety. A copy of the Report and Recommendation are attached to the Affidavit of Tracy J. Van Steenburgh as Exhibit 1.

Plaintiff filed his Objections to the Report and Recommendation and in an Order dated January 14, 2004, Judge Davis granted Northwest's Motion for Summary Judgment on Counts I, II, and IV of Plaintiff's Complaint and denied Northwest's motion on Count III. A copy of the District Court's order and opinion are attached to the Affidavit of Tracy J. Van Steenburgh as Exhibit 2.

On June 7, 2004, the Eighth Circuit issued its opinion in *Jackson*. A copy of the *Jackson* decision is attached to the Affidavit of Tracy J. Van Steenburgh as Exhibit 3. Four days later, Northwest, pursuant to Local Rule 7.1(g), requested permission to file a motion for reconsideration on the grounds that the *Jackson* decision bears directly on the District Court's decision denying summary judgment on Count III of Plaintiff's Complaint. Plaintiff objected to Northwest's request in a letter dated June 15, 2004. Judge Davis granted Northwest's request on June 23, 2004, and entered an Order of Referral, referring the matter to Chief Magistrate Judge Lebedoff.

## ARGUMENT

### A. Elements of Racial Harassment

To establish his racial harassment claim, Plaintiff was required to prove that (1) he was a member of a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment was because of his membership in the group; and (4) the harassment affected a term, condition,

or privilege of his employment. *Palesch v. Missouri Comm'n on Human Rights*, 233 F.3d 560, 566 (8th Cir. 2000).[1] Plaintiff alleges harassment by a co-worker. Thus, he must also prove that Northwest knew or should have known about the harassment but failed to take prompt and effective remedial action. *Id.* at 566 n. 5.

To establish a hostile work environment claim, Plaintiff must prove that his work environment was "both objectively and subjectively offensive," *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998), and "so severe or pervasive as to alter the conditions of [his] employment," *Clark County Sch. Dist. v. Breeden*, 532 .S. 268, 270 (2001). In determining whether a work environment is objectively hostile or abusive, a court examines all of the circumstances, including the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993). It is this "objectively offensive" element that the *Jackson* Court directly addressed and the element Plaintiff failed to satisfy.

**B. The *Jackson* Case**

The plaintiff in *Jackson* alleged Title VII racial harassment based on several incidents involving his managers and co-workers. Specifically, Jackson alleged that he heard his supervisor refer to him as "that damn nigger" after an altercation between the plaintiff and two co-workers. *Jackson*, 2004 WL 1237648, * 3. In addition, the plaintiff claimed that he heard the plant manager use the term "black" or "damn black" in "some unspecified context." *Id.* The plaintiff further testified to four incidents in which his co-workers made racially offensive remarks, including use of the word "nigger," in various contexts, some of which were directed

[1] In determining whether a plaintiff has established a claim of harassment under § 1981, courts routinely apply Title VII standards. *Ross v. Kansas City Power & Light Co.*, 293 F.3d 1041, 1050 (8th Cir. 2002).

towards the plaintiff. *Id.* at * 3-4. Finally, the plaintiff testified that there was graffiti in the plant which included a "KKK" sign. *Id.*

The Eighth Circuit found that the plaintiff had been "exposed, at most, to six isolated incidents of racially derogatory language from two managers and three co-workers over the course of a year and a half." *Jackson*, 2004 WL 1237648, * 5. The Court concluded that these isolated incidents were insufficient to make out a Title VII claim. The Court based its decision on several factors. First, the Court cited as relevant the fact that neither of the alleged statements by the managers were directed toward the plaintiff, and one of the statements was made in the context of breaking up an altercation between the plaintiff and his co-workers. *Id.* at * 6. With respect to the four alleged statements by the plaintiff's co-workers, the Court held that though the statements were "highly offensive," two of the statements "were not referring directly to Mr. Jackson," and another was made in the heat of a confrontation between the plaintiff and his co-workers. *Id.* The Court concluded:

> The offensive racial slurs in the record were infrequent and few in number, and some of them appear to have been offhand remarks not directed specifically at Mr. Jackson; there is no evidence of a steady barrage of opprobrious racial comment. Standing alone, we think that the derogatory language identified by Mr. Jackson would not violate Title VII, which does not impose a code of workplace civility.

*Id.* at * 6 (citation and quotation omitted).

The Court also concluded, after significant and careful analysis, that the "KKK" graffiti, while "potentially more hostile and intimidating than the racial slurs," did not, when considered along with the alleged racial comments," create an environment so severe and pervasive that it altered the terms and conditions of the plaintiff's employment. *Id.* at * 8.

**C. Plaintiff's Proof Fails to Create an Issue of Fact under *Jackson***

The *Jackson* case is dispositive of Plaintiff's claim. Here, Plaintiff's evidence of a hostile work environment is substantially less compelling than the evidence the plaintiff presented in *Jackson*. Plaintiff's § 1981 harassment claim is based solely on two isolated statements and one gestrure made by a co-worker, Patricia Chrzanowski, over the course of a two-month period between February 1999 and March 11, 1999.[2]

Plaintiff's evidence of racial harassment is based solely on his own deposition testimony, in which he described the three incidents involving Chrzanowski:

- Chrzanowski at least once indirectly referred to Plaintiff as "lips" while having a telephone conversation with a third party. Walker Depo. at 89:18-24, 92:21-22, 93:15-18.
- Chrzanowski discussed her sexual activity and talked about her silicone breast implants in Plaintiff's presence. Walker Depo. at 93:15-18;
- On one occasion, Chrzanowski put her finger in Walker's face and yelled at him. Walker Depo. at 93:15-18.

Even assuming that all three incidents occurred, [3] Plaintiff has failed to create a triable issue of fact regarding whether he was subjected to an objectively hostile work environment.

As an initial matter, of the three incidents, only one incident – when Chrzanowski pointed her finger in Plaintiff's face and yelled at him – was directed to Plaintiff. *See Jackson*, 2004 WL 1237648 at * 6 (none of the alleged statements by the plaintiff's managers were made to the plaintiff). This incident, standing alone, is insufficient as a matter of law to establish a claim of

[2] Plaintiff filed an internal EEO Complaint on March 11, 1999. *P. Memo. p. 3.* Thereafter, Plaintiff made no further allegations of harassment against Chrzanowski.
[3] Not only was Plaintiff's memorandum in response to Northwest's Motion for Summary Judgment replete with alleged "factual" assertions without citation to the record, but oftentimes his assertions were unsupported by his own testimony. For example, though Plaintiff asserted in his response that Chrzanowski referred to him as "nigger," there is no evidence in the record, including Walker's own deposition testimony, indicating that Chrzanowski ever used that term in referring to Walker. As noted, both by the Honorable Judge Davis and the Honorable Chief Magistrate Judge Lebedoff, "such broad statements, without citation to the record, impede the Court's ability to construe the facts in the light most favorable to the plaintiff." District Court Order, p. 7.

race discrimination, and there is no evidence suggesting that Chrzanowski's gesture was in any way motivated by Plaintiff's race. *See Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 79-80 (1998) (Title VII does not prohibit all verbal or physical harassment in workplace; plaintiff must show harassment occurred because of protected characteristic); *Young v. Bodycote Lindberg Corp.*, 2004 U.S. Dist. LEXIS 2825, No. 02-4298 * 29-30 (D. Minn. Feb. 25, 2004) (discrimination law is not a general civility code; allegation of a near-physical confrontation does not indicate causal connection to plaintiff's race). A copy of the *Young* decision is attached to the Affidavit of Tracy J. Van Steenburgh as Exhibit 4. In fact, Plaintiff admitted that Chrzanowski was disrespectful to other crew members in addition to him. Walker Depo. p. 96:18-20.

In addition, only one of the three incidents – the "lips" comment – could even arguably be construed as racial. According to Plaintiff's own testimony, Chrzanowski made the statement but once. Walker Depo. at 92:20 – 93:8 ("one I can remember is "lips.") Importantly, Plaintiff testified that Chrzanowski only *indirectly* referred to Plaintiff as "lips" during a telephone conversation with a third party. Walker Depo. p. 92:20 – 93:8. *See Jackson,* 2004 WL 1237648 at * 6.

Finally, there is no evidence suggesting that the third incident – Chrzanowski's discussion of her sexual activity and breast implants – had anything to do with the fact that Plaintiff is African American. Indeed, the comments were not even directed at Plaintiff.

In short, Plaintiff has failed to establish the existence of a "steady barrage of opprobrious racial comment." *Id.* at * 5. To the contrary, the undisputed record proves that "the use, if any, of racial terms was infrequent, was limited to casual conversation among employees, and with

possible rare exceptions was not directed toward [Plaintiff].” *Id.* (citations and quotations omitted).

**CONCLUSION**

For all of the foregoing reasons, Northwest Airlines, Inc. respectfully requests that the Court grant its Motion for Reconsideration and dismiss Count III of the Complaint.

HALLELAND LEWIS NILAN
SIPKINS & JOHNSON, P.A.

By S/Tracy J. Van Steenburgh
Tracy J. Van Steenburgh Reg. No. 141173
Sandra L. Jezierski Reg. No. 267132
Pillsbury Center South, Suite 600
220 South Sixth Street
Minneapolis, Minnesota 55402-4501
(612) 338-1838

ATTORNEYS FOR DEFENDANT
NORTHWEST AIRLINES, INC.