**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| George A. Walker,<br><br>Plaintiff,<br><br>v.<br><br>Northwest Airlines, Inc.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil File No. 00-2604 (MJD/JGL)<br><br>**DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION** |

## INTRODUCTION

Plaintiff takes issue with Defendant Northwest Airlines, Inc.'s ("Northwest") reliance on the Eighth Circuit's recent opinion in *Jackson v. Flint Ink North American Corp.*, 370 F.3d 791 (8th Cir. 2004), arguing that *Jackson* is not dispositive because it does not change the standard or analysis of a hostile work environment claim. On the contrary, the Eighth Circuit directly addressed the "objectively offensive" element of a *prima facie* hostile environment claim, making it clear that Count III of Plaintiff's Complaint, alleging racial harassment under 42 U.S.C. § 1981, must be dismissed. Under *Jackson*, Plaintiff's proffered "proof" of an objectively hostile work environment is insufficient as a matter of law to withstand Northwest's motion for summary judgment.

## ARGUMENT

Contrary to Plaintiff's assertion, a decision need not "announce a new standard or test" to have precedential value or affect the analysis applied to pending cases. *See* Plaintiff's Memorandum in Opposition to Defendant's Motion for Reconsideration ("P. Memo.") at 6. Jackson's precedential value lies in the Eighth Circuit's analysis of the nature and kind of

incidents and/or actions that will satisfy the "objectively offensive" element of a hostile work environment claim. In *Jackson*, the court concluded that isolated incidents of racially derogatory language from two managers and three co-workers over the course of a year and a half were insufficient, as a matter of law, to meet the "objectively offensive" element of a hostile work environment claim. *Id.* at 795. Similarly, in this case, the alleged actions of which Plaintiff complains are insufficient to make out a Section 1981 claim.

The plaintiff in *Jackson* alleged Title VII racial harassment based on six isolated incidents of racially derogatory language from two managers and three co-workers:

- He heard his manager refer to him as "that damn nigger" after an altercation between the plaintiff and two co-workers;
- He heard the plant manager use the term "black" or "damn black" in "some unspecified context;"
- His co-workers made racially offensive remarks, including use of the word "nigger" in various contexts, some of which were directed towards the plaintiff;
- There was graffiti in the plant which included a "KKK" sign.

*Id.* The Eighth Circuit held that the incidents were insufficient to make out a Title VII hostile work environment claim, noting that (1) neither of the alleged statements by the managers were directed toward the plaintiff; (2) one of the statements was made in the context of breaking up an altercation between the plaintiff and his co-workers; (3) two of the statements were not referring directly to the plaintiff; and (4) another statement was made in the heat of a confrontation between the plaintiff and his co-workers. *Id.* In short, even when considered in conjunction with the "KKK" graffiti, the racial slurs were considered offhand comments that were too few and infrequent in number to establish an objectively offensive work environment. *Id.*[1]

---

[1] Since *Jackson*, the Eighth Circuit has again addressed the "objectively offensive" element of a hostile work environment claim. In early August, the court, in *Bainbridge v. Loffredo Gardens, Inc.*, __ F.3d __, 2004 WL 1737340 (8th Cir. Aug. 4, 2004), held that sporadic remarks, many of which were overheard by the plaintiff and

Aware that the alleged incidents of racial harassment in this case fall short of the standard set in *Jackson*, in response to Northwest's motion, Plaintiff sets forth a plethora of "facts" in an attempt to make it appear that he was subjected to more severe and pervasive harassment than the plaintiff in *Jackson*. Yet, when the "facts" on Plaintiff's list are examined, Plaintiff's evidence is substantially and objectively less compelling than the evidence the plaintiff in *Jackson* presented.

Plaintiff claims he can meet his burden of establishing a *prima facie* case of racial harassment by introducing the "evidence" set forth in the seventeen bullet points in his Memorandum in Opposition to Defendant's Motion for Reconsideration. However, the majority of the "evidence' offered by Plaintiff has nothing to do with Plaintiff's race, is not supported by admissible record evidence, and/or does not go to the "severe or pervasive" prong of Plaintiff's *prima facie* case at issue here.

First, Plaintiff complains about Chrzanowski's general attitude and behavior in the workplace, alleging, for example, that she talked about her breast implants, that she bad-mouthed Plaintiff, that she was negative and that she altered the work book. P. Mem. at bullet points 4, 6-11. Plaintiff does not allege and he presents no evidence to suggest that Chrzanowski's behavior was motivated because Plaintiff is African American. Moreover, Chrzanowski's comments were not even directed at Plaintiff. Indeed, Plaintiff concedes that Chrzanowski made inappropriate sexual comments of a similar nature to other co-workers as well. Walker Depo. p. 96:18-20.

Only one incident Plaintiff describes– when Chrzanowski pointed her finger in Plaintiff's face and yelled at him – was directed to Plaintiff. *See Jackson,* 370 F.3d at 795 (none of the alleged statements by the plaintiff's managers were made to the plaintiff). This incident,

---

were not about the plaintiff were insufficient to create an issue of fact. 2004 WL 1737340 at *2. A copy of *Bainbridge* is attached to the Affidavit of Tracy J. Van Steenburgh as Exhibit 5.

standing alone, is insufficient as a matter of law to establish a claim of race discrimination, and there is no evidence suggesting that Chrzanowski's gesture was in any way motivated by Plaintiff's race. *See Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 79-80 (1998) (Title VII does not prohibit all verbal or physical harassment in workplace; plaintiff must show harassment occurred because of protected characteristic).

Second, Plaintiff includes in his list of "facts" six allegations (P. Mem. at bullet points 12-17) that Northwest failed to take prompt or ineffective action, none of which have any bearing on the "objectively offensive" prong at issue here. Plaintiff's allegations of the promptness and/or ineffectiveness of Northwest's internal investigation are irrelevant.

Plaintiff includes but four allegations that could arguably be construed as referring to Plaintiff's race (P. Mem. at bullet points 1-3 and 5); yet, many of Plaintiff's allegations are simply too vague to create a material fact dispute, and lack the evidentiary support required to preclude summary judgment. *See Stanback v. Best Diversified Products, Inc.*, 180 F.3d 903, 909 (8th Cir. 1999) (general allegations in affidavits and deposition testimony are insufficient to withstand a properly supported motion for summary judgment).

Plaintiff tries to create the impression that the number and nature of the alleged discriminatory conduct was greater than the evidence suggests by making vague allegations and by citing to his Letter to the EEOC and then to his deposition testimony. For example, Plaintiff twice alleges that Chrzanowski used "racial slurs" and once mentions that she used "bad slurs" to refer to him, but never specifies the nature of the slurs. P. Mem. at 4 (bullet points 2 and 6). The only *specific* allegations Plaintiff makes in support of his claim is that Chrzanowski referred to him as "lips" and "nigger." With respect to the allegation that Chrzanowski referred to him as "lips," he twice lists the allegation. P. Mem. at bullet points 2 and 3. Yet, according to

Plaintiff's own testimony, Chrzanowski made the "lips" statement but once. Walker Depo. at 92:20 – 93:8 ("one I can remember is "lips.") Importantly, Plaintiff testified that Chrzanowski only *indirectly* referred to Plaintiff as "lips" during a telephone conversation with a third party. Walker Depo. p. 92:20 – 93:8. *See Jackson,* 370 at 795 (racial comments not directed towards plaintiff insufficient to satisfy objectively offensive element). *See also Bainbridge v. Loffredo Gardens, Inc.*, __ F.3d __, 2004 WL 1737340 (8th Cir. August 4, 2004) (racially offensive remarks overheard by plaintiff insufficient to create hostile work environment).

With respect to the claim that Chrzanowski referred to him as "nigger," Plaintiff relies solely on his Letter to EEOC in support of his allegation. Plaintiff's reliance on his Letter to EEOC is not only improper, but insufficient to create a triable fact issue regarding whether Plaintiff's work environment was objectively hostile. Plaintiff's statement contained in the Letter to EEOC is inadmissible hearsay testimony, insufficient as a matter of law to defeat Northwest's motion for summary judgment. Fed. R. Evid. 801; *see also Scott v. Sopris Imports Ltd.*, 962 F.Supp. 1356, 1359 (D. Col. 1997) (finding unsworn, voluntary statement to be hearsay in a Title VII case); Fed. R. Civ. P. 56(e) (motion for summary judgment must be decided on admissible evidence). *See, e.g., Mays v. Rhode*s, 255 F.3d 644, 648 (8th Cir.2001) (unsworn statements are hearsay, not cognizable on summary judgment motion).

Significantly, Plaintiff never cited to or relied upon the Letter to EEOC to rebut Northwest's argument on summary judgment that Plaintiff could not establish an objectively hostile work environment.[2] Further, in his sworn deposition testimony, Plaintiff never mentions that Chrzanowski referred to him as "nigger." Indeed, when specifically asked to provide the basis of his belief that Chrzanowski subjected him to discriminatory treatment, Plaintiff only

[2] Although the Letter to EEOC was attached as an Exhibit to Mr. Roen's Affidavit filed in connection with Plaintiff's Response to Northwest's Motion for Summary Judgment, the <u>only</u> time Plaintiff cited to the Questionnaire was to establish that he filed a Charge of Discrimination.

recounted three incidents: (1) that Chrzanowski once indirectly referred to him as "lips" while talking to a third party on the telephone; (2) that Chrzanowski discussed her sexual activity and breast implants in Plaintiff's presence; and (3) that Chrzanowski put her finger in Plaintiff's face and yelled at him once.

Finally, Plaintiff states, but does not prove, that his work environment was more objectively hostile than the work environment in *Jackson*. Even assuming that Plaintiff's statements contained in the Letter to EEOC were admissible, Plaintiff has failed to establish the existence of a work environment which was more objectively offensive than the environment in *Jackson*, much less meet his burden of establishing the existence of an objectively offensive work environment. Not only were there quantitatively *more* alleged racially offensive comments in *Jackson*, but the comments were *more egregious* (and included "KKK" graffiti), and were made by the plaintiff's *supervisor* and *manager*. In short, even considering all of Plaintiff's proffered evidence, he has failed to establish the existence of a "steady barrage of opprobrious racial comment." *Jackson*,. 370 F.3d at 795. To the contrary, the undisputed record proves that "the use, if any, of racial terms was infrequent, was limited to casual conversation among employees, and with possible rare exceptions was not directed toward [Plaintiff]." *Id.* (citations and quotations omitted). *See also Bainbridge*, 2004 WL 1737340 at *2.

## CONCLUSION

For all of the foregoing reasons, Northwest Airlines, Inc. respectfully requests that the Court grant its Motion for Reconsideration and dismiss Count III of the Complaint.

Dated: August 16, 2004

HALLELAND LEWIS NILAN
SIPKINS & JOHNSON, P.A.

By s/Tracy J. Van Steenburgh
Tracy J. Van Steenburgh Reg. No. 141173
Sandra L. Jezierski Reg. No. 267132
Pillsbury Center South, Suite 600
220 South Sixth Street
Minneapolis, Minnesota 55402-4501
(612) 338-1838

ATTORNEYS FOR DEFENDANT
NORTHWEST AIRLINES, INC.