**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| George E. Walker, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil File No. 00-2604 (MJD/JGL) |
| Northwest Airlines, Inc., | ) | |
| Defendant. | ) | **PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE** |

## INTRODUCTION

Plaintiff George E. Walker ("Walker"), submits this memorandum in opposition to Defendant's Motion to Strike. The Defendant has moved the Court for an Order striking Walker's Memorandum of Law in Opposition to Defendant's Motion for Reconsideration ("Opposition to Reconsideration"). Defendant asks the Court to strike the Opposition to Reconsideration because it was not filed and served until August 6, 2004 - 13 days before the hearing.

______In the interests of justice, Walker respectfully requests that the Court deny the Motion to Strike. Although the Opposition to Reconsideration was not filed and served in technical compliance with the requirements of D. Minn. L.R. 7.1(b)(2)(as amended on May 17, 2004), the delay in filing was brief and did not prejudice the Defendant. Furthermore, the Opposition to Reconsideration will greatly assist in the Court's analysis of the Defendant's Motion for Reconsideration and the viability of Walker's racial harassment claim under 42 U.S.C. § 1981.

## BACKGROUND

The Defendant filed and served a Motion for Reconsideration with supporting documentation on July 1, 2004. Counsel for Walker consulted the Local Rules, as published in the Minnesota Rules of Court - Federal (West Thomson 2004), in an effort to determine the deadline for a responsive pleading to the motion. According to D. Minn. L.R. 7.1(b)(2) as set forth therein, "[a]ny party responding to the motion shall file and serve [a Memorandum of Law, Affidavits and Exhibits] … at least 10 days prior to the hearing."[1]

As a result of this research, Walker filed and served the Opposition to Reconsideration in good faith on August 6, 2004, believing that it was filed well with-in the required deadline (i.e., 13 days prior to the scheduled hearing, when rule required only 10). Walker was unaware that D. Minn. L.R. 7.1(b)(2) had been amended on May 17, 2004, changing the deadline from 10 to 20 days, until he received Defendant's Motion to Strike. Walker offers this explanation not as an excuse for the late filing, but only as an explanation to the Court as to how and why it occurred.

## DISCUSSION

Walker concedes that the Opposition to Reconsideration was not filed 20 days prior to the August 19, 2004-hearing as required by the amended Local Rule. However, the late filing alone is insufficient reason for the Court to grant Defendant's Motion to Strike. The Court has a great deal of discretion in determining what to do in this type of situation.

[1] Council for Walker also consulted Westlaw to check for amendments to the Local Rules, but Westlaw did not reflect any changes to D. Minn. L.R. 7.1(b)(2) from the January 1, 2004 version contained in the West Thomson publication cited above.

Pursuant to D. Minn. L.R. 7.1(d),

> [i]n the event a party fails to timely deliver and serve a memorandum of law, the Court may strike the hearing from its motion calendar, continue the hearing, refuse to permit oral argument by the party not filing the required statement, consider the matter submitted without oral argument, allow reasonable attorney's fees, or *proceed in such other manner as the Court deems appropriate.*

(emphasis added).

The Court should not take the drastic measure of striking the Opposition to Reconsideration because the delay in filing was brief. *See Beveridge v. Northwest Airlines, Inc.*, 259 F.Supp.2d 838, 845 (D. Minn. 2003) (motion to strike denied - plaintiff received no benefit from brief 4-day delay). Walker filed and served the Opposition to Reconsideration 13 days prior to the hearing instead of 20. This relatively short delay of only 7 days did not greatly benefit Walker.

Service of the Opposition to Reconsideration 13 days prior to the hearing also provided the Defendant with more than adequate time to prepare its Reply Memorandum, which was filed and served on August 16, 2004. This shows that Defendant was not prejudiced in any way by the late filing. *See Miles v. FEC*, 2002 WL 47008 n.1 (D. Minn. 2002) (Court didn't condone late filing (35 days), but denied request to strike because party had adequate time to draft response).

Furthermore, a mere technical violation of the Local Rules should not deprive the Court of an opportunity to consider materials that would assistance the Court in its analysis. Walker's Opposition to Reconsideration will greatly assist the Court in its substantive analysis of the Defendant's Motion for Reconsideration and the merits of his racial harassment claim.

**CONCLUSION**

For all of the above stated reasons, Walker respectfully requests that the Court deny the Defendant's Motion to Strike.

Dated: August 18, 2004

BLUEDOG, OLSON & SMALL, P.L.L.P.
s/ Todd M. Roen
Todd M. Roen, Reg. No. 0270271
Southgate Office Plaza, Suite 500
5001 West 80th Street
Bloomington, MN 55437
Telephone: 952-893-1813

ATTORNEY FOR PLAINTIFF
GEORGE E. WALKER