UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

George E. Walker,

Plaintiff,

v.

**MEMORANDUM OF LAW & ORDER**
Civil File No. 00-2604 (MJD/JGL)

Northwest Airlines,

Defendant.

Todd M. Roen, BlueDog, Olson, & Small, P.L.L.P., Counsel for Plaintiff.

Tracy J. Van Steenburgh, Halleland, Lewis, Nilan, Sipkins & Johnson, P.A., Counsel for Defendant.

## I. INTRODUCTION

The above-entitled matter comes before the Court upon the Motion for Reconsideration filed by Defendant Northwest Airlines. Chief Magistrate Judge Lebedoff considered Defendant's Motion for Summary Judgment and on October 28, 2003, issued a Report and Recommendation that this Court enter summary judgment as to every one of the Complaint's four counts. Those counts included the following: (1) Count I: Title VII claim based on scrutinizing, disciplining, and terminating Plaintiff; (2) Count II: Title VII retaliation claim; (3) Count III: 42 U.S.C. § 1981 claim; and (4) Count IV: Family Medical Leave Act claim.

After a de novo review of the record, this Court entered a January 14, 2004, Order granting summary judgment as to three of the Complaint's four counts, but denying summary judgment as to Plaintiff's hostile-work-

environment claim under 42 U.S.C. § 1981. The Court drew all inferences in Plaintiff's favor, holding that the issues of (1) whether the work environment demonstrated a pervasive pattern of harassment, and (2) whether Northwest appropriately responded to a co-worker's actions, were questions of fact that are best left for a jury.

On July 1, 2004, Defendant brought a Motion for Reconsideration, based in part upon the Eighth Circuit's majority opinion in Jackson v. Flint Ink North Am. Corp., 370 F.3d 791 (8th Cir. June 7, 2004), as well as its recent majority opinion in Bainbridge v. Loffredo Gardens, Inc., __ F.3d __, 2004 WL 1737340 (8th Cir. Aug. 4, 2004). Plaintiff filed his responsive Memorandum of Law 13 days before the August 16 hearing, and Defendant filed a Motion to Strike Plaintiff's Memorandum of Law as untimely under Local Rule 7.1(b)(2). (On May 17, 2004, Local Rule 7.1(b)(2) was changed from previously requiring only 10 days' notice to now requiring 20 days' notice.) For the reasons set forth below, both of Defendant's motions are denied.

## II. DISCUSSION

### A. Background

Plaintiff is a former Equipment Service Employee of Northwest Airlines. Count III of the Complaint, which is Plaintiff's only remaining claim, alleges that he was subject to a hostile work environment under 42

U.S.C. § 1981 (2004). Specifically, the claim alleged various statements and actions by co-worker Patricia Chrzanowski, including allegations that—over a period of time—she referred to Plaintiff as "lips," made comments regarding sexual activity and breast implants, and yelled at Plaintiff while putting her finger in his face and touching his nose.

**B. Motion for Reconsideration**

Defendant filed a Motion for Reconsideration based upon two Eighth Circuit decisions that were released after this Court's January 14th Order. See Jackson v. Flint Ink North Am. Corp., 370 F.3d 791 (8th Cir. June 7, 2004); Bainbridge v. Loffredo Gardens, Inc., __ F.3d __ , 2004 WL 1737340 (8th Cir. Aug. 4, 2004) (decided one month after filing of instant motion). Both are plurality decisions that address whether particular conduct was sufficient for the cases to survive summary judgment, and both contain dissents that argue that the acts alleged in those cases presented fact issues that should have precluded summary judgment.

**1. Jackson v. Flint Ink North Am. Corp**

The Jackson plaintiff was a terminated black factory employee who sued his former employer, alleging a racially hostile work environment and retaliatory discharge in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17. Jackson, 370 F.3d at 792. Jackson's Title

VII claims for hostile work environment stemmed from allegations that "his co-workers wrote graffiti about him 'all over the facility,' . . . spit on him, and called him racially derogatory names, among other conduct." Jackson v. Flint Ink North Am. Corp., 2003 WL 1883342 at *2, No. Civ. 01-2026 (D. Minn. April 7, 2003) (unpublished); see Jackson, 370 F.3d at 793.

The district court entered summary judgment for the former employer, holding that Jackson had failed to show a prima facie case with regard to his Title VII claims, and Jackson appealed. Jackson, 2003 WL 1883342 at *2 (district court decision).

The Eighth Circuit panel's majority opinion agreed that the six instances of racially derogatory language did not rise to the level of a violation of Title VII. Jackson, 370 F.3d at 795. But the dissent by Judge Gibson stated that the question of whether the actions and statements alleged were contextually connected to constitute a hostile work environment was a question of fact. Id. at 798-99. Judge Gibson concluded that the conduct and requisite inferences provided sufficient evidence to create a fact issue to survive summary judgment. Id. at 799.

After oral argument in the instant case, the Eighth Circuit panel re-examined its prior opinion and ultimately reversed the district court's grant of summary judgment. Jackson v. Flint Ink North Am. Corp., __ F.3d __, 2004 WL 1908107 (8th Cir. Aug. 27, 2004). The panel noted that "a

showing of some minimal level of harassment is necessary before a case is submissible to a jury." Jackson, slip op. at 1. Upon reexamining the record, the panel held that the facts alleged in Jackson did, in fact, present evidence sufficient for the case to survive summary judgment. Id. at 2. The panel concluded that the allegations, taken as a whole, could justifiably cause an objective observer to react in a way that would affect a term or condition of his employment. Id. (citing Reedy v. Quebecor Printing Eagle, Inc., 333 F.3d 906 (8th Cir. 2003)). As such, the panel reversed the district court judgment as to Jackson's hostile-work-environment claim and remanded the case for further proceedings. Id.

The Eighth Circuit's reexamination and ultimate reversal of its prior Jackson decision, as well as its determination that the factual issues preclude summary judgment, both weigh in favor of denying Defendant Northwest Airlines' Motion for Reconsideration.

**2. Bainbridge v. Loffredo Gardens, Inc.**

An examination of the Eighth Circuit's August 4 decision in Bainbridge v. Loffredo Gardens, Inc. similarly weighs in favor of Mr. Walker. __ F.3d __ , 2004 WL 1737340 (8th Cir. Aug. 4, 2004). The offensive behavior in Bainbridge involved co-employees' use of racial epithets for Asians and other minorities. The Plaintiff, a white man married

to a woman of Japanese decent, heard various offensive statements regarding Asians, Hispanics, and African-Americans.

The majority of the panel placed great reliance upon the fact that those who made the racial slurs did not specifically refer to the plaintiff or his wife, but instead, "the alleged remarks were used in reference to customers, competitors, or other employees." Id. at *2. In contrast, Mr. Walker alleges that Ms. Chrzanowski's racial statements and actions were directed toward Plaintiff, himself. Further, Mr. Walker alleges a physical component that was not present in Bainbridge.

The Bainbridge case also included a dissent by Judge Richard S. Arnold, who wrote that the hostile-work-environment claim should stand because the evidence was sufficient to survive summary judgment. Id. at *4. The dissent warned of the dangers of "reduc[ing] what is likely a horrific emotional experience to a numeric fraction," and it concluded that the remarks in Bainbridge could reasonably cause a jury to find that the "pattern of conduct was habitual, routine, and pervasive." Id.

**3. Application to Instant Case**

After reviewing the above cases, as well as the recent Eighth Circuit reexamination of Jackson, the Court stands by its prior analysis. It is clear that the Eighth Circuit disfavors granting summary judgment in employment-discrimination cases "unless the evidence could not support

any reasonable inference for the nonmovant." Crawford v. Runyon, 37 F.3d 1338 (8th Cir. 1994). As the Court noted in its January 14th Order and Memorandum, if all inferences are viewed in Plaintiff's favor, the harassing behavior, along with the racial term, could be viewed as a pervasive pattern of harassment motivated by race. In contrast to the conduct found in Bainbridge, not only does Mr. Walker allege hearing racial slurs, but he also alleges that those statements were directed toward him, and that the conduct included direct physical contact. Further, one cannot simply compare the number of incidents or statements in relation to a time span; rather, the incidents must be viewed contextually and in relation to one another.

Drawing all inferences in favor of Mr. Walker, fact issues remain that are only within a jury's province to resolve. Because the decisions in Jackson and Bainbridge do not alter the Court's prior analysis, Defendant's Motion for Reconsideration is denied.

### C. Motion to Strike Plaintiff's Memorandum of Law

Defendant also brought a Motion to Strike Plaintiff's Memorandum of Law as untimely under Local Rule 7.1(b)(2). Plaintiff filed his memorandum and supporting materials 13 days before the hearing, where the current Local Rule requires supporting materials 20 days before the hearing, and the Local Rule effective prior to May 17, 2004, required filing

only 10 days before the hearing. Plaintiff's memorandum and affidavit state that he consulted the West printed and Westlaw versions of the Local Rules, both of which provided the 10-day filing requirement that was effective on January 1, 2004.

When presented with an untimely memorandum of law, a district court has broad discretion in determining the appropriate course of conduct, including "proceed[ing] in such other manner as the Court deems appropriate." Local Rule 7.1(d). A delay in filing a memorandum is not, alone, fatal to the acceptance of that document. Beveridge v. Northwest Airlines, Inc., 259 F. Supp. 2d 838, 845 (D. Minn. 2003) (motion to strike denied where filing party received no benefit from four-day delay). Because Defendant was not prejudiced by the seven-day delay in filing, Defendant's Motion to Strike is denied.

## III. CONCLUSION

The facts alleged present factual issues from which a reasonable jury could determine that Plaintiff was subjected to a pervasive pattern of harassment, and that Northwest did not appropriately respond to that pervasive pattern. And although Plaintiff failed to timely file his memorandum and supporting materials, that error did not result in prejudice to Defendant.

Based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that

Defendant's Motion for Reconsideration [Docket No. 124] is **DENIED.**

Defendant's Motion to Strike Plaintiff's Memorandum in Opposition to Motion for Reconsideration [Docket No. 134] is **DENIED**.

Dated: September 9, 2004

s/ Michael J. Davis
Judge Michael J. Davis
United States District Court